UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WAYNE TAYLOR,<br><br>   Plaintiff,<br><br> v.<br><br>CHASE BANK,<br><br>   Defendant.<br>_____/ | Case No. 1: 13-cv-00982-AWI-BAM<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Jeffrey Taylor is preceding *pro se* in this action for monetary damages against Defendant Chase Bank. Plaintiff's Complaint alleges Chase Bank committed violations of the Dodd-Frank Financial Reform Act, Pub.L. 111–203, 124 Stat. 1376 (2010) ("Dodd–Frank Act"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); and the Truth in Lending Act, 12 C.F.R. Part 226 ("TILA"). (Doc. 1.) The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302.

## I.  Screening Requirement

Although Plaintiff paid the filing fee, the Court may raise issues such as jurisdiction and whether a complaint states a claim upon which relief may be granted sua sponte. *See Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939, 954 (9th Cir. 2011) (subject matter jurisdiction); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (failure to state a claim). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678-79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are merely consistent with a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.  Plaintiff's Complaint

Plaintiff's Complaint consists of four short paragraphs:

1.   I am filing this case in federal courts due to violations of requirements in the Dodd-Frank Financial Reform Act, Public Law 111-203, Section 1463.

2.   Plaintiff, Jeffrey Wayne Taylor resides at 5245 Swindon Road, Rocklin, Placer, CA 95765, (559) 647-0095. The property that is the subject of this complaint is 5074 W. Decatur Ave, Fresno, Fresno, CA, 93722.

3.   Defendant, Chase Bank (Corporation) is located at 21 S. Clark Street, Chicago, Cook, IL, 60603.

4.   Chase Bank, on three separate occasions was in violation of RESPA and TILA time violations. Due to Chase Bank failing to respond to my requests I was forced into a short sale of my residence to avoid Chase Bank foreclosing on my residence. I believe Chase Bank has evidence of Key Bank being a predatory lender and inflating the value of my residence in order to approve a lien on my residence. I am now unable to obtain a mortgage until February 2015.

(Doc. 1.) The remainder of Plaintiff's complaint requests statutory damages and damages stemming from various payments made to Chase Bank, Washington Mutual Bank, Wells Fargo Bank, and Key Bank. *Id.*

### III.     Discussion

**A.     Plaintiff's Complaint Fails to Comply with Rule 8**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that the he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Simply put, Plaintiff's Complaint does not allege any specific conduct that could plausibly give rise to a viable cause of action. For example, Plaintiff does not state facts to support his claim that, "on three separate occasions," Chase Bank violated RESPA and TILA. Plaintiff states Chase Bank failed to respond to his requests, but Plaintiff does not state what the requests were, how the requests were made, why Chase Bank was required to respond to these requests or what a response to these requests should have entailed -- to name just a few relevant inquiries. Plaintiff failed to set forth sufficient factual matter to support a claim for relief. Legal conclusions are not sufficient to state a claim.

Moreover, Plaintiff does not set forth facts indicating that "making a request" of any kind implicates the Dodd-Frank Act, RESPA or TILA. Plaintiff does not explain what provisions of the Dodd-Frank Act, RESPA or TILA Chase Bank violated, nor does Plaintiff identify conduct that implicates those statutes. Similarly, Plaintiff does not explain how non-defendant Key Bank's status as a "predatory lender," or Key Bank's efforts to "inflat[e] the value of [his] residence in order to approve a lien on [his] residence" fits within any of the statutory schemes alleged or otherwise implicates Chase Bank. Additionally, Plaintiff's damage request to recover seemingly random payments to non-defendant banks is untethered to any factual or legal allegations.

Generally, the Court is lenient and liberally construes *pro se* pleadings. However, Plaintiff's complaint must give the defendant fair notice of Plaintiff's claim or claims. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint fails to articulate a single claim for relief and is so lacking in factual allegations that there is no discernible cause of action to be inferred. Accordingly, Plaintiff's Complaint fails to provide "fair notice" of the claims being asserted and the "grounds upon which [they] rest." *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th

Cir.1997).

Plaintiff's complaint will be dismissed with leave to amend because it fails to allege facts sufficient to state a claim upon which relief can be granted. Plaintiff will be granted leave to revise his complaint to allege facts sufficient to support a cognizable claim. Plaintiff may not change the nature of this suit by adding new, unrelated claims in the first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Plaintiff chooses to amend, the Court will require Plaintiff to identify each separate claim under separate and readily identifiable headings. Plaintiff must enumerate each separate claim as "First Claim for Relief," "Second Claim for Relief" "Third Claim for Relief," *etc.* Under each claim for relief, Plaintiff must provide a short and plain statement of the facts relevant to that particular claim.

Plaintiff is advised that an amended complaint supersedes all prior complaints, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King,* 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

**CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. If Plaintiff chooses to amend, Plaintiff's amended complaint must be filed within thirty (30) days from the date of service of this order;
3. If Plaintiff does not file an amended complaint, the Court will recommend that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO ORDERED.

Dated:   **March 14, 2014**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

4