# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WAYNE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE BANK,<br><br>    Defendant. | 1:13-cv-00982-AWI-BAM<br><br>**ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**ORDER DIRECTING CLERK TO ISSUE SUMMONS AND NEW CASE DOCUMENTS** |

Plaintiff Jeffrey Taylor ("Plaintiff") is proceeding *pro se* in this action for monetary damages against Defendant Chase Bank. Plaintiff's complaint alleged Chase Bank committed violations of the Dodd-Frank Financial Reform Act, Pub.L. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and the Truth in Lending Act, 12 C.F.R. Part 226 ("TILA") (Doc. 3). After filing his complaint, Plaintiff paid the filing fee.[1] The Court dismissed Plaintiff's initial complaint with leave to amend. (Doc. 3). Plaintiff's First Amended Complaint is now before the Court for screening.

---

[1] Although Plaintiff paid the filing fee, the Court may raise issues such as jurisdiction and whether a complaint states a claim upon which relief may be granted sua sponte. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (subject matter jurisdiction); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (failure to state a claim).

1

## SCREENING REQUIREMENT

The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## DISCUSSION

In the amended complaint, Plaintiff alleges that on three separate occasions, Defendant violated the Truth in Lending Act section 1642(f)(2) and the Real Estate Settlement Procedures Act ("RESPA") when Defendant failed to respond to his Qualified Written Request's ("QWR") seeking information about his mortgage. Plaintiff alleges that on August 7, 2012, October 19,

2012, and January 8, 2013, he requested information about title assignments and the name of the entity that currently owns the note.

Plaintiff seeks damages of $2,000 for each of the RESPA time violations and $4,000 for each of the TILA time violations for a total of $18,000 in monetary damages.

A servicer's failure to respond to a QWR as required entitles a borrower to recover actual damages, as well as statutory damages in cases showing a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f). The Dodd-Frank Act of 2010, supra, changed the maximum award of statutory damages for a "pattern or practice" of violation from $1,000 to $2,000. *See* Pub. L. 111-203, § 1463(b)(1), 124 Stat. 1376, 2184.

In order to state a claim for a violation of RESPA QWR provisions, the borrower must demonstrate (1) a written request that meets RESPA's definition of a QWR, (2) the servicer failed to perform its duties, and (3) actual damages. *See Medrano v. Flagstar Bank*, 704 F.3d 661, 666 (9th Cir. 2012).

Similarly, §1641(f)(2) of TILA provides, in part, that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). TILA establishes a private right of action against creditors and assignees for violations of 15 U.S.C. § 1641(f)(2). *See Consumer Solutions REO, LLC v. Hillery*, 2010 U.S. Dist. LEXIS 1437, 2010 WL 14988, at *3 (N.D. Cal. 2010) (finding "TILA allows for a suit against a creditor or an assignee but not a servicer except under narrow circumstances"); *Fullmer v. JPMorgan Chase Bank, NA*, 2010 U.S. Dist. LEXIS 3551, 2010 WL 95206, at *9 (E.D. Cal. 2010) (holding that TILA "establishes a private of action and provides for statutory damages for violations of TILA only against the creditor (the owner of the obligation) and assignees").

Plaintiff alleges that Defendant Chase Bank is liable under RESPA and TILA for failing to respond to his requests for information. Liberally construed, this Court finds that, for purposes of *pro se* screening, Plaintiff has sufficiently stated a cause of action for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and the Truth in

Lending Act, 12 C.F.R. Part 226 ("TILA").  More specifically, Plaintiff contends he submitted written requests following the guidelines set forth under section 6 of RESPA and 1641(f)(2) of TILA and Defendant failed to perform its duties, which caused Plaintiff actual damages. Accordingly, Plaintiff's First Amended Complaint states a cognizable claim for violations of RESPA and TILA.

## CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED:

1. The Clerk of Court is DIRECTED to issue summons as to the defendant, Chase Bank;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with New Case Documents, including setting an Initial Scheduling Conference;
3. **Plaintiff is cautioned that he must achieve service of process within the time period set forth in Fed. R. Civ. P. 4 or the matter may be dismissed**.

IT IS SO ORDERED.

Dated:   **June 18, 2015**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE