UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFFREY WAYNE TAYLOR,**<br><br>           **Plaintiffs,**<br><br>      v.<br><br>**CHASE BANK,**<br><br>           **Defendant.** | **CASE NO. 1:13-CV-982  AWI BAM**<br><br>**ORDER CLOSING CASE IN LIGHT OF REQUEST FOR DISMISSAL WITH PREJUDICE**<br><br>**(Doc. No. 9)** |

   On November 11, 2015, the parties filed a stipulation for dismissal of this case with prejudice, apparently in light of a fulfilled settlement agreement.  Although no Federal Rule of Civil Procedure is cited, the Court will treat the matter as a Rule 41(a)(1)(A) notice.

   Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Dismissals under Rule 41(a)(1)(A), when properly filed, are effective immediately and do not require a court order/court approval.  See Fed. R. Civ. P. 41(a)(1); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989).

Here, no answers or motions for summary judgment have been filed and there is no indication that such documents have been served. Therefore, by the plain language of Rule 41(a)(1)(A)(i), with the filing of the notice of settlement and request to dismiss, this case terminated automatically.[1] See id.

Accordingly, IT IS HEREBY ORDERED that the Clerk shall CLOSE this case in light of Rule 41(a)(1)(A) notice of dismissal with prejudice.

IT IS SO ORDERED.

Dated:   November 12, 2015

SENIOR DISTRICT JUDGE

---

[1] Plaintiff and counsel for Defendant signed the requested dismissal. Because no answers or summary judgment motions were filed or served, it was unnecessary for Defendant to sign anything. See Fed. R. Civ. P. 41(a)(1)(A)(i).